# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION



| | |
|---|---|
| JERRY A. MCNAMEE,<br>        *Plaintiff,*<br><br>v.<br><br>RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA,<br><br>        *Defendant* | CIVIL NO. 3:06cv00043<br><br><br>ORDER and OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss, filed on September 20, 2006 (docket entry no. 2). For the following reasons, this motion is hereby GRANTED.

## I. BACKGROUND

### A. Factual Background

Accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of Plaintiff, the facts are as follows.

Plaintiff Jerry A. McNamee was employed by the University of Virginia Health System as a laboratory specialist from March 15, 2004,[1] to April of 2006. Plaintiff claims that his position is a technical one covered by the Fair Labor Standards Act ("FLSA"). According to Plaintiff, Defendant operates the University of Virginia Health System and is an "employer" for purposes of the FLSA.

Plaintiff, whose job entailed monitoring patients, had no administrative functions and had no employees working for him. Plaintiff claims he was paid both on an hourly and salary basis at

---

[1] Plaintiff claims that his employment began either on March 15, 2004 (*see* Compl. ¶¶ 5, 11) or on March 16, 2004 (*see* Compl. ¶ 3). The difference is immaterial for purposes of this order.

a rate of either $31.73 per hour or $66,000 per year. From March 2004 to November 2005, Plaintiff worked an average of 150 hours per pay period. The surgeons with whom Plaintiff worked discovered the number of hours Plaintiff was working and informed Defendant that Plaintiff should be paid overtime for his work.

Almost immediately, Plaintiff asserts, his salary was doubled, an "explicit admission that [Defendant was] in violation of the law." (Compl. ¶ 9). But in the Spring of 2006, Plaintiff was dismissed, allegedly for sleeping on the job. Plaintiff claims that the real reason he was fired was for demanding overtime, which he does in his complaint.

### *B. Procedural Background*

Plaintiff filed suit in this Court on August 11, 2006, seeking damages pursuant to the overtime provisions of the FLSA. Defendant then filed a motion to dismiss — a dispositive motion — on September 20, 2006, claiming the Court lacks subject matter jurisdiction for two reasons: first, the Plaintiff merely stated that he brought his case under 29 U.S.C. §§ 201 et seq. without asserting a specific provision giving the Court jurisdiction; second, Defendant enjoys sovereign immunity. The pretrial order, which was entered October 10, 2006, gave parties opposing dispositive motions fourteen days within which to file a brief in opposition. Plaintiff therefore had until October 24, 2006, to file a brief in opposition. Although a hearing is currently scheduled for November 14, 2006, the Court can resolve the motion based on the contents of the submitted materials. As such, the hearing is unnecessary and the motion is ripe for decision.

## II. DISCUSSION

First, Defendant moves to dismiss Plaintiff's claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, claiming that the Court lacks subject matter jurisdiction because Plaintiff provided no authority in his complaint for jurisdiction.

2

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). But it is not necessary for the plaintiff to name the specific statute at issue. *See Blue v. Craig*, 505 F.2d 830, 844 (4th Cir. 1974) ("If facts giving the court jurisdiction are set forth in the complaint the provision conferring jurisdiction need not be specifically pleaded.").

If, however, a plaintiff does not name the specific statute purporting to give the court jurisdiction, the court can find jurisdiction upon a reading of the remaining allegations set forth in the complaint. *See, e.g., In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999) ("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction."); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) ("Regarding the issue of the complaint's deficiency in alleging proper jurisdiction, it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute."). And such a reading under Rule 8(a) must be liberal. *See, e.g., Hildebrand*, 622 F.2d at 181 (stating that the court has an obligation "to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction"); *see also* Fed. R. Civ. P. 8(f) (requiring that all pleadings be construed so "as to do substantial justice").

Here, the complaint's short and plain statement of jurisdictional grounds is certainly both short and plain: "[t]his case is brought under the provisions of 29 U[.]S[.]C[.] 201[ et seq.] of the Fair Labor Standards Act of 1938." (Compl. ¶ 1) It is not necessarily a model pleading, but the remainder of the facts alleged in the complaint clearly show that Plaintiff is suing pursuant to the overtime provision of the FLSA. Because that is a federal statute, the Court has subject matter

3

jurisdiction under the federal question doctrine. *See* 28 U.S.C. § 1331 (2000) (granting jurisdiction to district courts for all civil actions arising under United States law).

One of the purposes of the federal pleading rules is to "notify opponents of the nature of the issues." *See, e.g., Fed. Election Comm'n v. Fla. for Kennedy Comm.*, 492 F. Supp. 587, 598 & n.21 (D.C. Fla. 1980), *rev'd* on other grounds, 681 F.2d 1281 (11th Cir. 1982). Here, Plaintiff has given Defendant fair notice that Defendant allegedly failed to pay Plaintiff overtime as is required by the FLSA. As such, Plaintiff's complaint survives Defendant's motion.

Second, Defendant claims that it is entitled to sovereign immunity.

Sovereign immunity, simply stated, means that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State," *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and it also protects "state agents and state instrumentalities," *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

Sovereign immunity "has attributes of both subject-matter jurisdiction and personal jurisdiction" and is therefore not neatly cabined in a motion brought specifically under Rule 12(b)(1). *See, e.g., Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). It is an immunity from suit, "rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997).

The Fair Labor Standards Act is Article I legislation and Congress lacks the power under Article I to abrogate states' sovereign immunity from suits in federal court. *See Alden v. Maine*, 527 U.S. 706, 711 (1999) (affirming dismissal of probation officers' suit against state of Maine for alleged violations of the overtime provisions of the FLSA). States may, however, waive this immunity and consent to private suits under the FLSA; the Commonwealth of Virginia, however,

4

has not done so. *See Commonwealth v. Luzik*, 524 S.E.2d 871, 876 (Va. 2000) (stating that "*Alden* clearly establishes that the Commonwealth may not be sued by state employees in its own courts for an alleged violation of the FLSA without its consent. That consent in the context of an FLSA action brought by state employees must be established by a waiver of the Commonwealth's sovereign immunity" and finding that the Commonwealth had not waived its sovereign immunity).

The only question that remains here, then, is whether Defendant is an instrumentality of the Commonwealth of Virginia and is therefore immune from suit. It is. *See Tigrett v. Rector & Visitors of the Univ. of Va.*, 97 F. Supp. 2d 752, 756 (W.D. Va. 2000) (stating that the Court "has already held that the Rector and Visitors of the University, as an instrumentality of the state, is immune from suit in federal court" and collecting cases).

Because Defendant has sovereign immunity, Defendant's motion to dismiss shall be and hereby is GRANTED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

Date: October 26, 2006